**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROGER DAVID TOWERS; CATHERINE
TOWERS,

Plaintiffs-Appellants,

v.

JAMES MARK MYLES; et al.,

Defendants-Appellees.

No. 19-16684

D.C. No. 2:18-cv-02996-JAM-KJN

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted February 17, 2021[**]

Before:     FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Roger David Towers and Catherine Towers appeal pro se from the district

court's judgment dismissing their action alleging federal claims related to the land

use designation of their property and a restraining order against Mr. Towers.  We

have jurisdiction under 28 U.S.C. § 1291.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

In their opening brief, plaintiffs fail to raise, and therefore have waived, any challenge to the district court's dismissal of their action as barred by claim and issue preclusion. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

On February 28, 2020, a panel denied plaintiffs' motion for disqualification of the magistrate judge and district judge. The February 28, 2020 order further stated that "[n]o motions for reconsideration, clarification, or modification of this denial shall be filed or entertained," and that plaintiffs should not raise these same arguments in the opening brief. Accordingly, we do not consider plaintiffs' contentions related to the issue of recusal of the magistrate judge and district judge.

We reject as without merit plaintiffs' contentions that the district judge failed to conduct a de novo review of the magistrate judge's findings and recommendations, and that the action was erroneously referred to the jurisdiction of the magistrate judge.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**